IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>$31,915.00 IN UNITED STATES CURRENCY,<br><br>　　　　　Defendant. | Civil No. 8:18CV11<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

**Nature of the Action**

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

**The Defendant *In Rem***

2. The Defendant property consists of $31,915.00 in United States currency seized from James Moser on September 14, 2017, during a traffic stop on westbound on Interstate 80 near mile marker 388 in Seward County, Nebraska. It is presently in the custody of the U.S. Customs and Border Protection in Minneapolis, Minnesota.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On September 14, 2017, Seward County Sheriff's Department Sergeant Mike Vance initiated a traffic stop on a westbound white Jeep Cherokee with California license plates. The driver and only occupant, James Michael Moser, was travelling 63 mph in a construction zone with a 55 mph speed limit. Upon approaching the Jeep, Sgt. Vance detected the odor of burnt marijuana. He also saw an air freshener spray can in the vehicle and a blanket or towel covering contents in the rear of the vehicle. Sgt. Vance explained the reason for the traffic stop; Moser admitted he was speeding and apologized. Sgt. Vance told Moser he would issue him a warning and directed him to come to the patrol vehicle while he processed the warning. Moser got out of his vehicle, locked it, then went to Sgt. Vance's vehicle.

8. While talking with Sgt. Vance inside the patrol vehicle, Moser exhibited several

signs which Sgt. Vance believed were indicia of criminal activity. He displayed excessive nervousness by breathing heavily and constantly fidgeting with his hands and fingers, even though Sgt. Vance twice told him he was only getting a warning. He gave inconsistent answers with respect to the length and purpose of his recent trip to Chicago. He gave deceptive and evasive answers about whether there was money or contraband in his vehicle.

9. While conversing with Moser, Dispatch informed Sgt. Vance Moser had a criminal history involving narcotics. Dispatch also told Sgt. Vance to consider Moser dangerous.

10. Sgt. Vance asked Moser for consent to search the Jeep. Moser declined. Sgt. Vance then detained Moser, telling him he would deploy his Nebraska-certified drug detection canine on the vehicle. As Sgt. Vance deployed the dog, and as Moser watched from inside Sgt. Vance's cruiser, Moser stated several times, "In the name of Jesus, have mercy on me." The dog indicated to the odor of controlled substance at the driver's door and at the rear hatch. Sgt. Vance asked Moser if he knew why the canine indicated on his Jeep. Moser stated he had smoked marijuana in the vehicle and there was likely some left inside.

11. Sgt. Vance and another deputy began to search the Jeep. Moser mumbled to himself as he watched the deputies search his car, sometimes sighing and sometimes cursing. At one point, Moser said, "Oh man. This isn't good," and then he sighed heavily.

12. In the passenger area, deputies found receipts showing Moser drove from California to Illinois a few months earlier. Deputies found an open bottle of vodka under a towel on the front passenger seat. In the rear of the vehicle, deputies found five bags of marijuana, three in vacuum-sealed bags and two in Ziploc plastic bags. All the marijuana in the vehicle totaled about a half pound. The deputies also found a portable scale near the marijuana. In the spare

tire well, deputies found seven, twenty-gallon garbage bags. Five of those bags had marijuana residue in them. One bag had an open vacuum-sealed bag in it. There was a small Sentry safe in the spare tire well. It held three, white envelopes, all with "10K" written on them. One envelope held two, other white envelopes, both with "5K" written on them. The envelopes contained $30,000.00, cash, in various denominations. The deputies also found a small, hand-held scale in the safe.

13. Sgt. Vance Mirandized Moser; he agreed to speak to the sergeant. Moser said he had been in Chicago for over a week. The money was his life savings. He has not had a job, or had work, in three years. He had a motorcycle accident, but was not collecting disability. He buys marijuana; the marijuana found in his vehicle was for personal use. Sgt. Vance asked Moser about the large bags with residue in them. Moser said he sometimes buys marijuana in bulk, but it is still for personal use.

14. Upon Moser's arrest, deputies found a glass marijuana pipe in his right, front pants pocket with marijuana in the pipe. Moser insisted the money found in his vehicle was his life savings, saying he did not use banks. When Sgt. Vance reminded Moser he had several bank cards in his wallet, Moser said the cards were old and he had no money in the accounts. However, the cards were not old; they expired in 2020. Additionally, Moser had an August, 2017, Chase Bank statement in his vehicle. It showed over $62,000.00 in the account. Moser also had a US Bank statement in his vehicle, showing more than in the Chase Bank account.

15. Deputies seized the $30,000.00 in the Sentry safe found in the spare tire well. Moser had $1,915.00, cash, in his wallet. Deputies seized that as well. Those two sums make up the Defendant currency in this case.

## Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

ROBERT C. STUART
Acting United States Attorney

By: *(signature)*
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: nancy.svoboda@usdoj.gov

VERIFICATION

STATE OF NEBRASKA )
) ss.
COUNTY OF DOUGLAS )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 8th day of January, 2018.



Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney